IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-529-CR




JOSE MUNOZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY 



NO. 378,520, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING


 





PER CURIAM

 The county court at law found appellant guilty of assault and assessed punishment
at incarceration for one year and a $3000 fine. Tex. Penal Code Ann. § 22.01 (West 1989 &
Supp. 1993). We will affirm.

 The complaining witness testified that appellant attacked her as she was jogging at
Town Lake. Appellant threw her to the ground and repeatedly struck her face with his fist. 
When the complainant continued to resist and scream, appellant fled.

 Appellant's only point of error is that the evidence is legally insufficient to support
the verdict. Appellant argues that the court should not have believed the complainant's testimony
because appellant does not match the description of the assailant the complainant gave to the police
after the attack. The credibility of the complaining witness and the weight to give her testimony
was for the court, as trier of fact, to determine. We also note that the alleged discrepancies are
minor, and that the testimony of the police officer who arrested appellant minutes after the attack
added further circumstantial evidence of appellant's guilt. When the evidence is viewed in the
light most favorable to the verdict, a rational trier of fact could find each element of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614
S.W.2d 155 (Tex. Crim. App. 1981). 

 In this same point of error, appellant also complains that the court erroneously
admitted evidence of the complainant's pretrial identification of appellant. In the absence of any
objection to this testimony at trial, the contention was not preserved for review. Tex. R. App.
P. 52(a).

 The point of error is overruled. The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: May 5, 1993

[Do Not Publish]